UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEATTLE PACIFIC INDUSTRIES, INC., )
                                          )
           Plaintiff,   )
                                          )
    v.                                 )
                                          )
MELMARC PRODUCTS, INC.,   )
                                          )
           Defendant.  )
_____)

CASE NO. C06-834RSM

ORDER GRANTING MOTION TO DISMISS AND DENYING LEAVE TO AMEND

## **I. INTRODUCTION**

This matter comes before the Court on plaintiff's Motion to Dismiss and defendant's related Motion to Amend. (Dkts. #11 and #14). Essentially, plaintiff argues that defendant's first cause of action and first affirmative defense should be dismissed because they do not satisfy particularity requirements under Rule 9(b), and do not allege sufficient facts to state a claim under Rule 12(b)(6). Plaintiff asserts that defendant fails to state a claim for relief because it alleges misrepresentations that relate to future promises, which are not actionable under controlling Washington state law. Defendant does not directly respond to the merits of plaintiff's motion to dismiss, but instead argues that the appropriate remedy for a failure to plead with particularity is granting leave to amend, rather than dismissal. (Dkt. #13). For the reasons set forth below, the Court disagrees with defendant and GRANTS plaintiff's motion to dismiss.

## **II. BACKGROUND**

Plaintiff, Seattle Pacific Industries, Inc. ("SPI") manufactures and markets clothing under

ORDER
PAGE - 1

several different brand names including Unionbay and UB, and holds a registered trademark for both names. The present dispute arises from a Trademark License Agreement ("Agreement") between plaintiff and defendant, another clothing manufacturer, Melmarc Products, Inc. ("Melmarc"), to produce screen-printed knit tops bearing the Unionbay and UB logos. In consideration for the license to use plaintiff's logos, defendant agreed to several conditions including: to make guaranteed minimum royalty payments to plaintiff, to attain guaranteed minimum net sales, to pay certain advertising payments and sales commissions to plaintiff, to submit certain sales reports and sales projections, to maintain certain insurance coverage, and to obtain from its bank a new additional credit line of at least $2,000,000 as additional working capital by June 18, 2004.

Plaintiff alleges that defendant breached the license agreement. It filed the instant suit on June 14, 2006 to request termination of the agreement, enforcement of required payments, and damages in an amount to be determined at trial.

Defendant filed a counterclaim alleging three causes of action. First, that plaintiff induced defendant to enter the Agreement by fraudulent representations, upon which defendant reasonably relied. Second, that plaintiff is in material breach of its obligations for the reasons stated in the affirmative defense. And third, that plaintiff wrongfully prevented defendant from performance. The instant motions followed.

### III.  LEGAL STANDARDS

**A. 12(b)(6) Standard of Review**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must dismiss a complaint if "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Van Buskirk v. Cable News Network, Inc.* 284 F.3d 977, 980 (9th Cir. 2002). All allegations of material fact are construed in a light most favorable to the non moving party. *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1527 (9th Cir. 1995).

ORDER
PAGE- 2

When a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986). Futile amendments should not be permitted. *Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical*, 701 F.2d. 1276, 1293 (9th Cir. 1983).

### B. Rule 9(b) Heightened Pleading Standard for Fraud Claims

Under Rule 9(b) of the Federal Rule of Civil Procedure, "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). A complaint must state the "time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Teamsters Local #427 v. Philco-Ford Corp.*, 661 F.2d 776, 782 (9th Cir. 1981). A plaintiff must also state the "circumstances indicating falseness" or an explanation as to how an alleged statement or omission was false or misleading when made. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1545 (9th Cir. 1994).

A motion to dismiss a claim of fraud under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6)). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). When a complaint is dismissed under Rule 9(b), a court should grant leave to amend unless amendment would be futile. *Id.* at 1108.

### IV.  DISCUSSION

### A. Plaintiff's Motion to Dismiss

The Court agrees with plaintiff that defendant fails to meet the heightened pleading standard under Rule 9(b) and that defendant fails to state a claim under Rule 12(b)(6) for the following reasons. First, defendant's affirmative defense fails to state "the who, what, when, where and how of the misconduct charged" as required by Rule 9(b). *Vess* 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). Under Rule 9(b), pleadings must be specific enough "to give defendants

ORDER
PAGE- 3

notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Id.*  Defendant's identification of "authorized agents" is insufficient to state who was involved in the fraudulent conduct under Rule 9(b). *See Segal Co. v. Amazon.com*, 280 F. Supp.2d 1229, 1231 (W.D. Wash. 2003)("a complaint's reference to certain 'representatives' of [plaintiff] is too vague to sufficiently identify the alleged perpetrators."). Also, defendant fails to provide the time and place for the alleged fraud. *See First Global Commc'n, Inc. V. Bond*, 2006 WL 231634, at *5-7 (W.D. Wash. 2006)(dismissing fraud claim that did not "satisfy the time and place particularity requirements of Rule 9(b));" *and see Segal Co. v. Amazon.com*, 280 F. Supp.2d 1229, 1231)(dismissing fraud claim that did not "adequately indicate *when* and *where* the alleged fraud took place.")

Second, defendant's first cause of action fails to state a claim for which relief can be granted. Defendant's claim cannot withstand a 12(b)(6) motion because it fails to allege each of the nine elements of fraud under Washington law, specifically that an "existing fact" was misrepresented by plaintiff. Washington courts have said that in a claim for fraud, a plaintiff must allege: (1) a representation of an existing fact; (2) its materiality; (3) its falsity; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person to whom it is made; (6) ignorance of its falsity on the part of the person to whom it is made; (7) the latter's reliance on the truth of the representation; (8) his right to rely upon it; and (9) his consequent damage. *See Leadbetter v. Comcast Cable Communications, Inc.* 2005 WL 2030799, at *8 (W.D. Wash. 2005)(citing *Hambleton Bros. Lumber Co. V. Balkin Enters., Inc.,* 397 F.3d 1217, 1233-34 (9th Cir. 2005)). Failure to establish any one element of a fraud claim makes all other elements immaterial. *West Coast, Inc. v. Snohomish County*, 112 Wash.App.200, 206 (2002).

A promise of future performance is not a representation of an existing fact and will not support a fraud claim. *Segal*, 280 F. Supp.2d at 1232 (quoting *West Coast, Inc.*,112 Wash.App. at 206). The

ORDER
PAGE- 4

reasons for this rule include: (a) a statement of future performance is merely an estimate of something to take place in the future, (b) a representation that something will be done in the future, from its nature cannot be true or false at the time it was made, and (c) "were the rule otherwise, any breach of contract would amount to fraud." *Nyquist v. Foster*, 44 Wash.2d 465, 470 (1954). Defendant alleges that plaintiff made the following five fraudulent representations:

    a.    That defendant would have the exclusive right to sell embellished knit tops bearing the licensed trademarks during the duration of the Agreement.
    b.    That the limits set for Guaranteed Minimum Net Sales were a "conservative" number that plaintiff's sales force would easily attain on defendant's behalf.
    c.    That defendant's representative would be in charge of plaintiff's sales force with respect to Licensed Products.
    d.    That payments made under paragraph 10 of the Agreement ["Additional Covenants"] were a sales commission, i.e. an incentive to plaintiff's sales force to sell the Licensed Products.
    e.    That plaintiff would show and promote the Licensed Products to its customers and feature the Licensed Products at apparel trade shows.

(Dkt. #3 at 5).

In *Nyquist*, the court distinguished between (a) a future event, and (b) an existing fact, using the following test:

> Where the fulfillment or satisfaction of the thing represented depends upon a promised performance of a future act, or upon the occurrence of a future event, or upon a particular future use, or upon future requirements of the representee, then the representation is not of an existing fact...On the other hand, a statement is one of existing fact if a quality is asserted which inheres in the article so that, at the time the representation is made, the quality may be said to exist independently of future acts or performance of the one making the representation, independently of other particular occurrences in the future, and independently of particular future uses or future requirements of the buyer.

*Id.* at 471. Following this test, the court finds that each of the plaintiff's statements sets forth a promise or prediction of future performance, not an existing fact.

In general, the appropriate remedy is to grant leave to amend to allow defendant an opportunity to cure defects in its pleadings, rather than simply dismissing the claim. *See Bly-Magee v. California*, 236 F.3d 1014, 1019 (when dismissing for failure to comply with Rule 9(b) "leave to amend should be granted unless the district court determines that the pleading could not possibly be

ORDER
PAGE- 5

cured by the allegation of other facts"); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (In a motion to dismiss under Rule 12(b)(6), "leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect")(internal quotation marks omitted). Thus, the Court now turns to defendant's related motion to amend.

**B. Defendant's Motion to Amend**

Defendant has moved to amend its pleading to correct any defect of which the plaintiff complains. (Dkt. #14 at 2). However, for the following reasons, the Court finds that such amendment would be futile.

As a threshold matter, the Court agrees that defendant's proposed amended counterclaim satisfies Rule 9(b). (Dkt. #14, Exhibit A). While its original affirmative defense fails to identify the parties to the fraud, in its proposed amendment, defendant provides specific names – Ms. Catherine Underwood as plaintiff's agent, and Mr. Brian Hirth as defendant's agent. Defendant also fails to provide the time and place of the alleged fraud in its initial claim, but provides a more particular statement in its amended claim. While defendant admits that the exact dates of the fraud are unknown, it states that the alleged fraud took place "in the days immediately before execution of the Agreement." The Court finds this statement sufficient to satisfy Rule 9(b).

However, defendant's proposed amended first cause of action continues to fail under Rule 12(b)(6) because it does not allege that an "existing fact" was misrepresented by defendant. Defendant asserts that plaintiff's agent made representations "concerning [plaintiff's] past and then-current experience, and [its] present intentions with respect to sales of the types of products to be licensed under the Agreement." (Dkt. #14, Ex. A at 9). Regardless of the "present" quality of plaintiff's intentions, such intentions are nonetheless by their nature, estimates of future events and do not support a fraud claim. Additionally, to the extent that plaintiff's "then-current" sales experience is an existing fact, it is still only material to defendant's reliance in that defendant hoped to reproduce such

sales on its own in the future, and thus resembles a future estimate more than a current inherent quality. Defendant further alleges an amended set of false representations including:

    a. That plaintiff's sales of embellished knit tops in the year prior to the term of the Agreement were in excess of ten million dollars.
    b. That plaintiff was, at that time, projecting and expecting likely sales of embellished knit tops during the term of the Agreement in the range of ten to thirty million dollars annually.
    c. That as a result of plaintiff's past and then-current experience in the sales of embellished knit tops, the limits set in the Agreement for Guaranteed Minimum Net Sales were a "conservative" figure that plaintiff's sales force would easily attain on defendant's behalf.
    d. That plaintiff intended that defendant would be the exclusive seller of the Licensed Products.

(Dkt. #14, Ex. A at 9). Of these, only the first statement – that plaintiff's sales exceeded ten million dollars the prior year – could possibly allege an "existing fact." But this is also only relevant to the extent that defendant believed future sales would equal those of the past. Accordingly, the Court agrees with plaintiff that defendant's amended counterclaim cannot support a fraud claim.

### V. CONCLUSION

The Court has reviewed plaintiff's motion to dismiss, defendant's response, defendant's motion to amend, and plaintiff's reply, along with the remainder of the record, and hereby finds and ORDERS:

(1) Plaintiff's Motion to Dismiss (Dkt. #11) is GRANTED, and the first cause of action and first affirmative defense of the defendant's counterclaim are DISMISSED.

(2) Defendant's Motion to Amend (Dkt. #14) is DENIED.

(3) The Clerk SHALL send a copy of this Order to all counsel of record.

DATED this 31st day of January, 2007.

                                                        */s/ Ricardo S. Martinez*
                                                        RICARDO S. MARTINEZ
                                                        UNITED STATES DISTRICT JUDGE